**Jack Vernon SANDIG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 59489.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 28, 1979.

Rehearing En Banc Denied May 16, 1979.

Samuel H. Bayless, San Antonio, for appellant.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for indecency with a child, V.T.C.A., Penal Code Sec. 21.11; punishment was assessed by the court at ten years.

In his first ground of error appellant asserts the jury charge contains fundamental error in that it authorizes conviction on theories not alleged in the indictment. Sec. 21.11, supra, in relevant part provides:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child; . . ."

Sexual contact as defined in V.T.C.A., Penal Code Sec. 21.01(2), means:

". . . any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person."

The indictment in this case alleges that appellant did:

". . . engage in sexual contact with C____ S____, a female child not his spouse and younger than 17 years of age, by then and there touching the anus of the said C____ S____ with the intent to arrouse [sic] and gratify the sexual desire of the said JACK SANDIG . . .."

It is readily apparent that the indictment alleged a specific means of engaging in sexual contact from among the three means provided in the statutory definition of that term.

We now set out the relevant portions of the jury instructions in this case:

"The Defendant, Jack Vernon Sandig, stands charged by indictment with the offense of sexual indecency with a child, alleged to have been committed on or about the 3rd day of March, A.D.1977, in Comal County, Texas.

"... .

"A person commits the offense of indecency with a child if he intentionally engages in sexual contact with a child who is younger than 17 years and not his spouse, whether the child is of the same or opposite sex.

"... .

"The term 'sexual contact' means any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with the intent to arouse or gratify the sexual desire of any person.

"... .

"Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant, Jack Vernon Sandig, did, in Comal County, Texas, on or about the 3rd day of March, A.D.1977, intentionally engage in sexual contact with C———— S————, who was then and there a child younger than 17 years, and not the Defendant's spouse, by sexual contact as alleged, you will find the Defendant guilty.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the Defendant not guilty."

Appellant argues that the jury charge is fundamentally defective by enlarging upon the allegations in the indictment because it defines "sexual contact" in statutory terms that include all means of committing such conduct and the application of the law to the facts of the case does nothing to restrict the term to the particular means alleged in this case. He acknowledges that the charge does say "by sexual contact as alleged," but points out that the allegations of the indictment are set out in the jury charge with no greater specificity than the name of the offense, which in turn is defined in general statutory terms including all means of "sexual contact." The State has filed no brief in response to this or any of appellant's other grounds of error.

Appellant cites the cases of *Morter v. State,* Tex.Cr.App., 551 S.W.2d 715, and *Robinson v. State,* Tex.Cr.App., 553 S.W.2d 371, for the proposition that fundamental error is presented when a jury charge authorizes conviction on any theory not alleged in the indictment. Such error is presented in the record here, as shown by the excerpts quoted above.

 While it is true that an abstract statement of the law that goes beyond the allegations in the indictment ordinarily will not present reversible error, that is true because ordinarily such expansions on the indictment's allegations are effectively restricted by the charge's application of the law to the facts, which should limit the jury's deliberations to the allegations in the indictment supported by evidence. See, e. g., *Toler v. State,* Tex.Cr.App., 546 S.W.2d 290, 293–294. In the case at bar, however, the application of the law to the facts did not require the jury to find appellant committed the acts described in the indictment. Although it did recite "by sexual contact as alleged," this did not instruct the jury on what acts were alleged. In fact, when the jury charge is read as a whole to determine what was alleged, it appears to have instructed the jury that appellant was charged with sexual contact by all means, instead of by the single means actually alleged.

On established precedents that hold it is fundamental error to authorize a conviction on charges not contained in the indictment, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The conviction should not be reversed on the ground set forth in the majority opinion. No harm has been shown or that appellant has not obtained a fair trial. Error in a charge should not cause a reversal unless it is calculated to injure the rights of a defendant as provided in Article 36.19, U.A.C.C.P. See the dissenting opinion in *Cleland v. State,* 575 S.W.2d 296 (Tex.Cr. App.1979).