**Jerry Ricky HANNAH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–018–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1981.

Discretionary Review Granted
Jan. 27, 1982.

Albert S. Low, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty, found him guilty of aggravated rape and the court assessed punishment at confinement in the Texas Department of Corrections for sixteen years. We affirm.

The sufficiency of the evidence is not challenged. It would add nothing to the jurisprudence of the state to detail the facts of this case. Suffice it to say the sixteen year old complainant, her twin sister and a nineteen year old male companion were walking down a public street at approximately midnight. Appellant, two of his brothers and a fourth companion pulled up in an automobile and by exhibiting a sawed-off shotgun, kidnapped complainant and the male companion. Complainant's twin sister escaped. The evidence describes

in detail the sordid acts of sexual depravity that were repeatedly forced upon complainant and her male companion over the approximately two and one-half hours following the abduction. The male companion was subsequently released and while the complainant was still in the automobile, the appellant and his three companions were arrested.

Appellant brings forward five points of error.

By his first point of error, appellant contends that the trial court committed fundamental reversible error in applying the law of parties to the facts of the case because it permitted the jury to convict on a theory not alleged in the indictment.

The count of the indictment, omitting its formal parts, upon which appellant was convicted, alleged that appellant, "did then and there unlawfully, intentionally and knowingly by force and by threatening the imminent infliction of serious bodily injury and death to ... [the complainant], a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant."

After defining rape in its charge, the court defined aggravated rape as follows: "A person commits aggravated rape if he commits rape as defined above and he ... (b) compels submission to the rape by threat of death or serious bodily injury to be inflicted on anyone."

The charge then contained the following special provision:

The indictment in this case having alleged the use of force and threats by the defendant and threatening the infliction of serious bodily injury and death upon the alleged victim, before you would be warranted in convicting the defendant, you must find from the evidence beyond a reasonable doubt that defendant used such force or threat on the occasion in question, if any, as to overcome such earnest resistance as might reasonable [sic] be expected under the circumstances at the time, and, that any threat the defendant is alleged to have made in accom-

plishing the sexual intercourse, if any, was such that it would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances because of a reasonable fear of harm; that defendant, in the course of the same criminal episode as the alleged rape, compelled submission to the rape, if any, by threat of death or serious bodily injury to be imminently inflicted on ... [the complainant], and that there was penetration of the sexual organ of the female in question by the male organ of the party accused. If you have a reasonable doubt as to any of these matters, you must find the defendant not guilty.

Immediately following this special instruction, the court in its charge applied the law to the facts:

Now if you find from the evidence beyond a reasonable doubt that on or about the 5th day of November, 1978, in Harris County, Texas, the defendant, Jerry Ricky Hannah, did then and there unlawfully and intentionally and without the consent and against the will of ... [the complainant], a female, have sexual intercourse with the said ... [the complainant], and that the said ... [the complainant], was not then and there the wife of the said defendant, and that the defendant used force or threat on ... [the complainant] on the occasion in question to accomplish the sexual intercourse, and that such force or threat was sufficient to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, and that such threat or threats, if any, were such as would prevent resistance by a woman of ordinary resolution under the same or similar circumstances because of a reasonable fear of harm, and that the defendant, in the course of the same criminal episode as the alleged rape compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on her, then you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

Finally, the court concluded by defining the law of parties and applying that law to the facts:

Now if you find from the evidence beyond a reasonable doubt that the defendant, either acting alone or with another, or others as a party to the offense, as that term is hereinbefore defined, did intentionally or knowingly, in Harris County, Texas, on or about the 5th day of November, 1978, *did* commit the offense of aggravated rape against . . . [the complainant], then you will find the defendant guilty.

If you do not so believe, or you have a reasonable doubt thereof, you will acquit the defendant.

No objections were made to the court's charge.

Relying upon *Sandig v. State,* 580 S.W.2d 584 (Tex.Cr.App.1979), appellant argues that "the Court's charge allowed the jury to convict the Appellant on a party basis on a type of Aggravated Rape not alleged in the Indictment." Appellant says further: "[T]he Court's charge on parties in its simplified language allows conviction on a party theory for any theory of Aggravated Rape as defined in the Charge."

■ Were we confined only to the two paragraphs of the charge to which appellant wants us confined i.e., the statutory definition of aggravated rape and the paragraph applying the law of parties to the facts, the opinion in *Sandig* would control. However, appellant completely overlooks the two additional paragraphs of the court's charge quoted above which specifically require that before the jury may convict the appellant, they must believe from the evidence beyond a reasonable doubt that the appellant compelled the complainant to submit "by threat of death or serious bodily injury to be inflicted on . . . [the complainant]."

In *Jackson v. State,* 591 S.W.2d 820 (Tex. Cr.App.1980), the Court of Criminal Appeals again stated that "the charge must be read as a whole and the review thereof must not be limited to a small part standing alone." To view only those two portions of the charge as appellant would have us do would be unrealistic. On the other hand, viewing the charge as a whole as we are so required, we are convinced that no fundamental error is shown. Appellant's first point of error is overruled.

■ By his second point of error, appellant complains of the prosecutor's closing argument. He argues that he was denied a fair trial when the prosecutor argued that he could be convicted upon a theory of rape not alleged in the indictment. Additionally, appellant asserts that such argument was a misstatement of the law and contrary to the court's charge.

During her final argument, the prosecutor made the following statement:

I would next like to address myself to the charge. And the charge says that . . . [the complainant] herself does not have to physically believe that she is being threatened. It says—and look at the first page—if she is forced to compel submission to the rape by threat of death or serious bodily injury to be imminently inflicted on anyone. So if she was forced to submit to the offense, to be raped, because she thought her boyfriend was going to be killed, under that sentence right there you can find this defendant guilty. The law is there."

No objection was made to such argument, but appellant contends the error was fundamental, citing *United States v. Handly,* 591 F.2d 1125 (5th Cir. 1979) and *United States v. Corona,* 551 F.2d 1386 (5th Cir. 1977).

Under the Fifth Circuit's "plain error" rule, it appears that under some circumstances lack of objection to argument does not preclude appellate review. Texas does not follow this rule and it is clear that absent an objection to argument of the prosecutor, nothing is presented for review. *Hargrove v. State,* 579 S.W.2d 238 (Tex.Cr. App.1979); *Cain v. State,* 549 S.W.2d 707

(Tex.Cr.App.1977). Appellant's second point of error is overruled.

Appellant complains in his third point of error of the following statement made by the prosecutor in her closing argument: "My job as a prosecutor is to seek justice. I dismiss cases when there is not sufficient evidence to support what has occurred." Appellant objected on the basis that it was not a proper rebuttal of his argument. Appellant now argues in his brief that this was a statement of personal belief or opinion as to the guilt of the appellant and was not invited by his argument. Appellant's present argument is not supported by his trial objection. Considering the ground of error on the basis of the trial objection, the prosecutor's argument was clearly in response to defense counsel's argument to the effect that the prosecutor could not pick through her files and determine which one she wanted to prosecute but that she must prosecute all cases that were assigned to her. Defense counsel further charged: "It's clear the person who put together the scenario that you heard was Kay Burkhalter [the prosecutor] and not the witnesses that were at the scene because their testimony is not conclusive as to what Jerry Ricky Hannah did."

Argument of the prosecutor which is invited by defense counsel's argument is not error. *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App.1977). Appellant's third point of error is overruled.

By his fourth point of error, appellant complains of the in-court identification of appellant made by the complainant's twin sister. The evidence shows that the witness attended several "line-ups" at the police station, and that in one of them complainant's twin sister identified appellant as the person in the automobile holding the shotgun. Outside the presence of the jury and during the "in-court identification" hearing before the court, her testimony varied from her having positively identified the appellant to the police officer to her telling the police officer she was "pretty sure" appellant was the one in the car. The witness did not again see appellant until the day the case was called for trial when she saw the appellant and identified him. At trial, she testified that her in-court identification of appellant was based upon her independent recollection of the events on the day of the offense.

The trial court, who observed the witnesses and heard them testify, found that "the in-Court identification by this witness of the defendant, Jerry Ricky Hannah, is in no way contaminated by her previous contact with him either at the time of the line-up in which ... [complainant's twin sister] tentatively identified him or at the appearance in this Court on Friday of last week because this case was set for trial and all the witnesses were ordered to be here and the Court additionally knows she was here along with other witnesses at that time." A finding to the same effect was later reduced to writing and filed with the papers.

The findings of the trial court are supported by the record. The fact that the witness made a tentative identification at the line-up goes to the weight and not the admissibility of her positive in-court identification. *Williams v. State*, 466 S.W.2d 313 (Tex.Cr.App.1971); *Wilson v. State*, 581 S.W.2d 661 (Tex.Cr.App.1979). Appellant's fourth point of error is overruled.

By his fifth and last point of error appellant contends he was denied his constitutional rights to effective assistance of counsel because of the state's failure to provide him with a statement of facts of the punishment hearing in the case.

Suffice it to say there is nothing in the record to support this point. This record does not show that this matter was ever brought to the trial court's attention. Tex. Code Crim.Pro.Ann. Art. 40.09 § 7 (Vernon Supp.1980–1981) outlines the procedure to be followed in the event the record is not complete. Because appellant failed to avail himself of its provisions, he will not be now heard to complain. Nevertheless, the transcription of the proceedings had at the punishment hearing was added to the record following the filing of appellant's brief.

The court again approved the record. Because nothing is presented for review, appellant's fifth point of error is overruled.

The judgment is affirmed.