IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1411-05






DOUGLAS ALBERT DOUGHERTY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion.



 The Court finds that the Court of Appeals's opinion is deficient for failing to take into
account all of the Almanza (1) factors. I believe that in this type of case there is only one factor that
the court needed to consider because the existence of that factor, all by itself, cured the error in the
jury charge. Moreover, the lower court's opinion is fully consistent not only with Almanza, but with
other opinions from this Court.

 Remember that Almanza was exceptional in its conclusion that "finding error in the court's
charge to the jury begins - not ends - the inquiry" into harm. (2) In Almanza, this Court reversed "the
modern trend" to label certain errors "fundamental" and then automatically reverse convictions
without regard to harm or to the nature of the error in the case. (3) Almanza expanded - not limited - 
appellate courts' ability to find errors harmless. In creating the Almanza factors, the Court was
saying that, rather than automatically finding error reversible, courts should consider all of these
factors before finding error harmful. I do not believe that Almanza means that courts must in every
case consider all of these factors before finding error harmless. I think that the Court of Appeals's
opinion in this case in perfectly consistent with Almanza, given its historical context. 

 The Court of Appeals's opinion is also consistent with our other cases. The jury charge here
was erroneous because it failed to properly limit the culpable mental state definitions. The Court of
Appeals nevertheless found the error harmless because the definitions were properly limited in the
application paragraphs. As the court said, "The jury could only convict appellant if it found that
appellant intentionally, knowingly, recklessly, or with criminal negligence caused Doughery's
injuries." (4) The court did not say that the application paragraphs cured the error, but that is what the
analysis boils down to. The error in the charge was negated, so to speak, by the limitation in the
application paragraph. 

 In its careful analysis, the Court of Appeals relied upon this Court's opinions in Patrick v.
State (5) and Medina v. State. (6) In Patrick - a case with a similar jury charge error - this Court limited
its harm analysis in just the way that the Court of Appeals did in this case. (7) We looked no further
than the application paragraph to determine that the charge error in that case was harmless. (8) In
Medina we did look at other factors, but along the way we cited to Plata v. State. (9) In Plata, we
considered the reverse problem: a correct abstract instruction in a jury charge that lacked a proper
application paragraph. In concluding that the error was not cured by the abstract instruction, this
Court said:

 [A]bstract or definitional paragraphs serve as a kind of glossary to help the jury
understand the meaning of concepts and terms used in the application paragraphs of
the charge....The inclusion of a merely superfluous abstraction, therefore, never
produces reversible error in the court's charge because it has no effect on the jury's
ability fairly and accurately to implement the commands of the application paragraph
or paragraphs. (10)


As far as I can tell, this has been the Court's consistent position: an overly-expansive abstract
definition is completely remedied by a properly limited application paragraph. (11) We have come to
this conclusion even when there was a proper objection. (12)

 Moreover, if a prosecutor argues the incorrect abstract portion of the charge rather than the
correct application paragraph (as may have happened here), the argument error would be a separate
issue, and the defendant would be required to object to preserve the issue for appellate review. (13) I
would refuse the petition.

 I respectfully dissent.

 KELLER, P.J.

Date filed: March 1, 2006

Publish
1. Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985)(op. on reh'g).
2. Id. at 174.
3. Id. at 172.
4. Dougherty v. State, No. 01-03-01064-CR (Tex. App. - Houston [1st Dist.] March 10,
2005)(not designated for publication).
5. 906 S.W.2d 481 (Tex. Crim. App. 1995).
6. 7 S.W.3d 633 (Tex. Crim. App. 1999).
7. 906 S.W.2d at 493.
8. Id.
9. 926 S.W.2d 300 (Tex. Crim. App. 1996). 
10. Id. at 302-303 (emphasis added).
11. Sandig v. State, 580 S.W.2d 584, 586 (Tex. Crim. App. 1979)("an abstract statement
of the law that goes beyond the allegations in the indictment ordinarily will not present reversible
error . . .because ordinarily such expansions on the indictment's allegations are effectively
restricted by the charge's application of the law to the facts, which should limit the jury's
deliberations to the allegations in the indictment supported by evidence"); Mauldin v. State, 628
S.W.2d 793, 796 (Tex. Crim. App. 1982)(abstract instruction on law of parties that was not
supported by the evidence did not create reversible error because application paragraph required
jury to find the defendant's guilt based solely upon his own behavior); Lewis v. State, 815
S.W.2d 560, 562 (Tex. Crim. App. 1991)(no error in giving superfluous abstract instruction on
transferred intent when the issue of transferred intent was not incorporated into the application
paragraph); Hughes v. State, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994)(no error in giving
superfluous abstract instruction on causation when the issue of causation was not incorporated
into the application paragraph). While Medina addressed other factors, that case involved an
inapplicable instruction present in the charge instead of the applicable instruction. 7 S.W.3d at
639-640. This raised the question of whether harm was caused by "an incorrect or misleading
statement of a law which the jury must understand in order to implement the commands of the
application paragraph." Plata, 926 S.W.2d at 302. Such is not the case here, where the
inapplicable instruction was present in addition to the applicable instruction and only the
applicable instruction was given effect in the application paragraph.
12. Mauldin, 628 S.W.2d at 796; Lewis, 815 S.W.2d at 562.
13. Anderson v. State, 932 S.W.2d 502, 507 (Tex. Crim. App. 1996)(improper argument
error cannot be preserved under the rubric of jury charge error). Appellant did not object to the
argument here, so he has forfeited his right to complain on appeal. Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). But even if he had objected, the jury's verdict in this case
established that the improper argument was harmless. The prosecutor's argument centered on
the culpable mental state of "knowingly" in connection with the "nature of conduct" part of the
definition of that term. The jury, however, convicted appellant of the lesser included offense of
recklessly, or with criminal negligence, causing bodily injury to an elderly person, and the
instructions in connection with the lesser culpable mental states did not include "nature of
conduct" language.