**Thelonious Paul HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00994–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2011.

Mary Cathleen Acosta, Houston, for Appellant.

Carol M. Cameron, Houston, for the State.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant Thelonious Paul Henry appeals his conviction for aggravated assault on the ground that the evidence is legally insufficient to establish that one of his prior felony convictions was final for enhancement purposes. We reverse and remand for a new hearing on punishment.

## BACKGROUND

As is relevant to this appeal, appellant was convicted by a jury of aggravated assault. Appellant elected that the trial court sentence him. Two prior felony convictions were alleged for enhancement purposes in the indictment:

> Before the commission of the offense alleged [aggravated assault] (hereinafter styled the primary offense), on June 29, 1987, in Cause No. 0478635 in the 174th District Court of Harris County, Texas the Defendant was convicted of the felo-

ny of Aggravated Assault on a Peace Officer.

Before the commission of the primary offense, and after the conviction in Cause No. 1478635 was final, the Defendant committed the felony of Robbery *and was finally convicted* of that offense on February 27, 1990 in Cause No. 0553131, in the 182nd District Court of Harris County, Texas.

(emphasis added).

Prior to sentencing, appellant stipulated that he was the individual convicted of these two offenses (as well as numerous other offenses). Specifically, he entered the following relevant stipulations:

### STIPULATION OF EVIDENCE

I, THELONIOUS HENRY . . . , in open court, agree to stipulate the evidence in this case and I waive the appearance, confrontation, and cross-examination of witnesses. I consent to the oral stipulation of evidence and to the introduction of affidavits, written statements of witnesses and other documentary evidence. I waive my right against self-incrimination and confess the following facts:

1) I am the same THELONIOUS HENRY convicted on or about February 27, 1990 in the 182nd District Court of Harris County, Texas in cause number 0553131 of the felony offense of ROBBERY and was sentenced to 45 years in the Texas Department of Corrections.

. . .

4) I am the same THELONIOUS HENRY convicted on or about June 29, 1987 in the 174th District Court of Harris County, Texas in cause number 0478365 of the felony offense of AGGRAVATED ASSAULT OF A PEACE OFFICER and was sentenced to 2 years in the Texas Department of Corrections.

Certified judgments and sentences were admitted into evidence for both of these offenses. The judgment and sentence document in cause number 0553131 indicates that notice of appeal was filed on February 28, 1990.

The trial court assessed appellant's punishment at sixty years' confinement in the Texas Department of Criminal Justice, Institutional Division. The judgment and sentence document in this case reflects that appellant pleaded "true" to the enhancement paragraphs, and the trial court found these paragraphs true. Appellant filed a motion for new trial but did not raise the finality of his convictions before timely filing this appeal.

### ANALYSIS

■ In a single issue, appellant challenges his conviction on the ground that the evidence is legally insufficient to show that his prior conviction was final for enhancement purposes under Texas Penal Code section 12.42(d).[1] This "habitual of-

---

1. The State urges us to overrule appellant's issue because it is inadequately briefed. *See* Tex.R.App. P. 38.1(i). It argues that appellant (a) does not "definitively identify" on appeal which prior conviction he is claiming the evidence is insufficient to demonstrate finality, (b) lists a cause number that does not appear to exist in this case, and (c) includes a copy of the wrong judgment and sentence in his appendix. Admittedly, appellant misidentifies the cause number and exhibit number for the relevant enhancement conviction. But there are only two cause numbers for enhancement purposes alleged in the indictment, and we have easily located the exhibits offered as proof for these two enhancement convictions. Further, although the second enhancement paragraph mentions both prior convictions, it clearly focuses on the second conviction in cause number 0553131. Finally, appellant correctly identifies the date the notice of appeal was filed in cause number

fenders" subsection provides that if the defendant

> has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code Ann. § 12.42(d) (West Supp.2009).

■ First, we note that the State asserts that appellant pleaded "true" to the enhancement paragraphs, which relieved it of its burden of proving the enhancements. However, the only indication in the record that appellant pleaded "true" is the trial court's judgment. The reporter's record reflects neither that appellant pleaded true nor that the trial court found these allegations true. "[T]he fact that appellant entered a plea of 'true' must be affirmatively reflected by *evidence* in the record." *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim.App.1984) (en banc). In this case, the record contains no evidence of a plea to the enhancement allegations. *See id.* Therefore, we analyze this case as one in which appellant did not plead "true" to the enhancement paragraphs.

■ To establish a defendant's conviction of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior final conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim.App.2007). Once the State provides prima facie evidence of an enhancement conviction, we presume that the conviction is final when faced with a silent record regarding finality. *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex.Crim.App.2007).

The State introduced appellant's judicial stipulation and copies of the judgments and sentences for two offenses to support enhancement of appellant's conviction as an "habitual offender." In his stipulation, appellant admitted that he was the individual convicted of both offenses. By stipulating that he was the person convicted of these offenses, he relieved the State of its burden to establish that he was linked to these convictions. *Cf. Bryant v. State*, 187 S.W.3d 397, 400–01 (Tex.Crim.App.2005) (stipulations are formal concessions that have the effect of withdrawing a fact from issue and wholly dispensing with the need for proof of that fact). However, nowhere in appellant's stipulation does he state that these convictions were final. Further, we are not faced with a silent record in this case: the judgment and sentence document from the second conviction alleged for enhancement purposes shows that the conviction had been appealed.

■ It is well-established that a conviction from which an appeal has been taken is not considered a final conviction until it is affirmed by the appellate court and mandate has issued. *See Fletcher*, 214 S.W.3d at 6 (quoting *Jones v. State*, 711 S.W.2d 634, 636 (Tex.Crim.App.1986)) (en banc). Thus, by introducing as evidence the judgment and sentence document for cause number 0553131, the State itself raised a question as to the finality of this conviction and had the burden to establish

0553131. Thus, we decline to dispose of this case on briefing waiver. *Cf. Few v. State*, 230 S.W.3d 184, 189 (Tex.Crim.App.2007) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure rea-

sonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.").

finality. *See id.* at 6–7. In *Jones v. State,* the Court of Criminal Appeals explained:

> Because the State failed to make a prima facie showing of finality, the appellant had no burden to carry nor was he obligated to complain about or object to the lack of finality of the alleged prior conviction. The case is simply one of failure of the State to sustain its burden of proof.

*Jones,* 711 S.W.2d at 636. In short, " 'if the State's proof of the prior conviction shows on its face that the conviction was appealed, the State must put on evidence that [the] mandate has issued.' " *Ex parte Chandler,* 182 S.W.3d 350, 358 (Tex.Crim. App.2005) (quoting *Beal v. State,* 91 S.W.3d 794, 797 (Tex.Crim.App.2002) (Keller, P.J., concurring)). Here, the State did not introduce any evidence that the second enhancing conviction was final. Because the State failed to sustain its burden of proof, this conviction cannot be used for enhancement purposes.

We conclude that, based on this record, no rational trier of fact could have found the second enhancement paragraph true beyond a reasonable doubt. *Cf. Williams v. State,* 309 S.W.3d 124, 131 (Tex.App.-Texarkana 2010, pet. ref'd) (concluding that, where judgment for one of the enhancing allegations showed on its face that notice of appeal had been filed, it did not provide legally sufficient evidence to support the enhancement even though the appellant pleaded "true" to the allegations). We thus sustain appellant's sole issue.

For the foregoing reasons, we affirm appellant's conviction but reverse that portion of the judgment assessing punishment. *See* Tex.Code Crim. Proc. Ann. art. 44.29(b) (West Supp.2009). We remand for a new hearing on punishment.