

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00285-CR

JERRY P. LUNDGREN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## OPINION

----------

Appellant Jerry P. Lundgren was arrested in Wise County for misdemeanor driving while intoxicated (DWI). He pled guilty and was sentenced on January 7, 2011. On January 14, 2011, Appellant was again arrested for DWI, this time in Tarrant County. On January 19, 2011, Appellant filed a notice of appeal of the Wise County conviction. On January 28, Appellant filed a motion for new trial in that case. The motion for new trial was overruled by operation of law. This court

dismissed that appeal for lack of jurisdiction.[1] Mandate on that appeal issued on May 12, 2011.

On June 29, 2011, Appellant was charged by indictment with felony DWI in the Tarrant County case. The indictment used a 2009 Tarrant County misdemeanor DWI conviction and the January 7, 2011 Wise County misdemeanor conviction to enhance the charged January 14, 2011 offense to felony DWI.[2] Appellant does not challenge the 2009 Tarrant County misdemeanor DWI conviction.

Appellant filed a motion to quash the indictment in the felony DWI before us. After a hearing, the trial court denied the motion. Pursuant to a plea bargain, Appellant pled guilty to felony DWI, and the trial court sentenced him to ten years' confinement, probated for ten years with 120 days' confinement as a condition of probation, and a $1500 fine. Appellant preserved the right to appeal the denial of his motion to quash.

In his sole point, Appellant argues that the trial court reversibly erred and abused its discretion by denying his pretrial motion to quash the indictment because the proof does not show that the alleged prior Wise County DWI

---

[1]*Lundgren v. State*, No. 02-11-00023-CR, 2011 WL 754344, at *1 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (mem. op., not designated for publication).

[2]*See* Tex. Penal Code Ann. § 49.09(b)(2), (d) (West Supp. 2013).

conviction was a prior final conviction, which was necessary for the State to use that prior conviction to enhance the instant DWI to a felony.

Because the trial court erred by denying Appellant's motion to quash, we sustain Appellant's sole point. Because the evidence is sufficient to support a Class A misdemeanor DWI conviction in the instant case, however,[3] and because there was no jury to be improperly influenced by the unsupported allegation that Appellant had been finally convicted in the Wise County case at the time he committed the instant Tarrant County offense, we reverse the trial court's judgment and remand this case to the trial court. We direct the trial court (1) to modify its judgment to delete the felony repetition finding and the felony DWI conviction and to instead reflect Appellant's conviction for a Class A misdemeanor DWI offense, enhanced by a single prior DWI conviction, the 2009 Tarrant County DWI, and (2) to conduct a new trial on punishment.

Appellant was admonished in the Wise County case that he was giving up his right to appeal, and the trial court's certificate of right to appeal stated that Appellant had no right to appeal. But there is no mention of the right to file a motion for new trial either in the certificate or in the admonishments, nor does the record contain any waiver of Appellant's right to file a motion for new trial in the Wise County case.

---

[3] *See id.* § 49.09(a).

3

The purpose of a motion for new trial is different from the purpose of an appeal. Appeal is rarely the proper vehicle for raising ineffective assistance of counsel, newly discovered evidence, involuntariness of the plea, or any other irregularity that calls into question the legitimacy of the plea proceedings.

It is well-settled law that

> [b]efore a prior conviction may be relied on to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty in the trial court, that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court.[4]

The issue before this court is whether the Wise County DWI conviction was final at the time Appellant committed the Tarrant County DWI before us. An appealed prior conviction alleged in an indictment for enhancement purposes does not become final until the appellate court issues its mandate affirming the conviction.[5]

Our sister court in Waco has addressed the issue of when a conviction becomes final in the context of DWI enhancement:

> The holdings in *Serrato* and *Williamson* and the plain language of section 49.09(d) clearly indicate that a prior DWI conviction must be a "final conviction" before it can be used to elevate a subsequent DWI to a Class A misdemeanor or third-degree felony.[6]

---

[4]*Arbuckle v. State*, 132 Tex. Crim. 371, 372–73, 105 S.W.2d 219, 219, (Tex. Crim. App. 1937).

[5]*Beal v. State*, 91 S.W.3d 794, 796 (Tex. Crim. App. 2002).

[6]*Vrba v. State*, 69 S.W.3d 713, 722 (Tex. App.—Waco 2002, no pet.) (citations omitted).

4

In a footnote citing *Jordan v. State*,[7] the Waco court explained that

> a prior DWI conviction would not be "final" if an appeal were still pending from that conviction. Thus, such a conviction could not be used to elevate a subsequent DWI to a Class A misdemeanor or third-degree felony.[8]

In the case before us, the record shows that the Wise County DWI was not a final conviction when the instant Tarrant County DWI occurred. Accordingly, we hold that the trial court reversibly erred and abused its discretion by denying Appellant's pretrial motion to quash the indictment. We therefore reverse the trial court's judgment and remand this case to the trial court with instructions that the trial court (1) modify its judgment to delete the felony repetition finding and the felony DWI conviction and to instead reflect a Class A misdemeanor DWI conviction (with the instant Tarrant County DWI Class B conviction enhanced by the unchallenged 2009 Tarrant County DWI Class B conviction) and (2) conduct a new trial on punishment.

---

[7] 36 S.W.3d 871, 875 (Tex. Crim. App. 2001).

[8] *Vrba*, 69 S.W.3d at 722 n.4.

                                        /s/ Lee Ann Dauphinot
                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

PUBLISH

DELIVERED:  June 19, 2014