

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00179-CR

Johnnie **GUYTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CR-4296
Honorable Ron Rangel, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Justice
    Rebeca C. Martinez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed:  June 25, 2014

AFFIRMED AS MODIFIED

Johnnie Guyton appeals his conviction and concurrent sentence of 56 years' imprisonment on two counts of aggravated robbery.  Guyton asserts the evidence was insufficient to prove he had a prior felony conviction and therefore the enhancement of the minimum punishment from five years to fifteen years was error.  *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2013) (enhanced penalties for repeat and habitual offenders).  Guyton also challenges the assessment of court costs and attorney's fees against him.  We modify the judgment to delete the assessment of

attorney's fees and to correctly reflect Guyton's plea to the enhancement, and we affirm the trial court's judgment as modified.

## ANALYSIS

### *Prior Conviction Used for Enhancement*

In his first issue, Guyton argues that the State failed to establish beyond a reasonable doubt that he was the person convicted of the prior felony alleged in the enhancement paragraph of the indictment. The enhancement paragraph alleged that, on June 26, 2003, Guyton was convicted of the felony offense of Burglary Habitation–Force in Cause No. 2002-CR-7723 in Bexar County, Texas. On appeal, Guyton concedes that State Exhibit No. 18, which was admitted without objection during the punishment phase, is a certified copy of the judgment for the prior felony conviction alleged in the indictment. He asserts, however, that the State failed to present sufficient evidence identifying him as the person who was convicted of the prior felony.

During the punishment phase, counsel for both sides as well as the trial court proceeded as if Guyton had pled "true" to the enhancement allegation, referring to the minimum punishment as the enhanced 15-year sentence. The punishment charge, submitted without objection, stated that Guyton had pled "true" to the enhancement allegation and instructed the jury to find that Guyton had been convicted of the prior felony as alleged in the indictment. The judgment also states that Guyton pled "true" to the enhancement allegation. The record, however, does not affirmatively show that Guyton entered any plea at all to the enhancement allegation.[1] *See Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984) (fact that defendant entered a plea of "true" to enhancement allegation must be affirmatively reflected by evidence in the record). Therefore, our

---

[1] Guyton did not object to the trial court's failure to read the enhancement allegation and to take his plea of "true" or "not true" to the enhancement; therefore, this error was not preserved. TEX. R. APP. P. 33.1(a); *see Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006); *Warren v. State*, 693 S.W.2d 414, 416 (Tex. Crim. App. 1985); *see also Lee v. State*, 239 S.W.3d 873, 876-77 (Tex. App.—Waco 2007, pet. ref'd).

analysis must proceed as if Guyton pled "not true" to the enhancement. *See Wise v. State*, 394 S.W.3d 594, 600 (Tex. App.—Dallas 2012, no pet.); *see also Henry v. State*, 331 S.W.3d 552, 555 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

In order to establish that a defendant has previously been convicted of a felony offense, the State must prove beyond a reasonable doubt (1) the existence of a prior conviction, and (2) that the defendant is linked to the prior conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). While some methods of proving these elements may be preferred or more convenient, there is no exclusive method of proof for either element. *Id.* at 921-22. The State may prove these elements in many different ways, including through "(1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* Any type of documentary or testimonial evidence may suffice. *Id.* at 922.

Characterizing the proof necessary to establish a defendant's prior conviction as "closely resembl[ing] a jigsaw puzzle," the *Flowers* court explained that standing alone the pieces have little meaning but "when the pieces are fitted together, they usually form the picture of the person who committed that alleged prior conviction or convictions." *Id.* at 923 (quoting *Human v. State*, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988) (op. on reh'g)). The trier of fact weighs the credibility of each piece and "determines if these pieces fit together sufficiently to complete the puzzle." *Id.* If the totality of the evidence establishes the existence of the conviction and its link to the defendant beyond a reasonable doubt, "then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.* In conducting this legal sufficiency review, we consider all the evidence in the light most favorable to the trier of fact's

finding. *Prihoda v. State*, 352 S.W.3d 796, 807 (Tex. App.—San Antonio 2011, pet. ref'd) (citing *Isassi v. State*, 330 S.W.3d 633, 639 (Tex. Crim. App. 2010)).

Here, the certified judgment for the Burglary Habitation-Force conviction shows that "Johnnie Guyton III" was the person convicted of that offense in Cause No. 2002-CR-7723, in Bexar County, on June 26, 2003; these details match the prior felony alleged in the enhancement paragraph of the indictment returned against "Johnnie Guyton" in the instant case. During the punishment phase, Augusta Guyton testified that she lives with her husband Johnnie Guyton at 327 Fargo Avenue in San Antonio, Texas, and that the defendant "Johnnie" is her son and he was born on July 1, 1980. Johnnie Guyton, Jr. then testified that he is the father of the defendant "Johnnie Guyton, III;" he acknowledged being aware of his son's "criminal history." In addition, the State admitted certified copies of seven judgments and related documents,[2] without objection, establishing seven other prior convictions from 2001 forward—four misdemeanors and three felonies—on which the defendant's name appears as "Johnnie Guyton" on some and as "Johnnie Guyton III" on others; the defendant is referred to as both "Johnnie Guyton" and "Johnnie Guyton III" within the documents related to two of the prior convictions (State Exhibit Nos. 14 and 16). The same SID No. 752497 appears on the documents under both names, and matches the SID number on the indictment returned against Guyton in this case. In addition, the same date of birth testified to by Augusta Guyton is listed on a document related to one of the prior convictions for "Johnnie Guyton" (State Exhibit No. 15), and the family's address of "327 Fargo, San Antonio, Texas" testified to by Augusta Guyton is listed on documents for several of the prior convictions for both "Johnnie Guyton" and "Johnnie Guyton III" (State Exhibit Nos. 13-16).

---

[2] In *Flowers*, the Court recognized that Rule 902 of the Texas Rules of Evidence explicitly allows for the self-authentication of certified copies of public records. *Flowers*, 220 S.W.3d at 922-23 (citing TEX. R. EVID. 902).

Considering the totality of the evidence admitted, we conclude that these evidentiary pieces together form a picture of appellant as the person who was convicted of the prior felony alleged in the enhancement paragraph of the indictment. The documentary and testimonial evidence sufficiently established that "Johnnie Guyton" and "Johnnie Guyton III," both with SID No. 752497, are the same person and sufficiently identified appellant as the person previously convicted of the felony offense of Burglary Habitation-Force in Bexar County on June 26, 2003. *See Flowers*, 220 S.W.3d at 923; *see also Benton v. State*, 336 S.W.3d 355, 358-59 (Tex. App.—Texarkana 2011, pet. ref'd). We therefore overrule Guyton's first issue.

As noted by the State, we have the authority to modify the judgment to comport with the record and to reflect that Guyton did not plead "true" to the enhancement allegation in the indictment. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (appellate court has authority to sua sponte reform the judgment to make the record speak the truth); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (reforming judgment that incorrectly stated defendant pled "guilty" where record made clear that he pled "not guilty"). TEX. R. APP. P. 43.2(b). Therefore, because the record does not affirmatively reflect that Guyton pled "true" to the enhancement, we modify the judgment to reflect that Guyton pled "not true" to the enhancement allegation.

### *Assessment of Court Costs and Attorney's Fees*

In his second issue, Guyton asserts the evidence is insufficient to support the assessment of court costs and attorney's fees against him. The judgment for each count imposes $374.00 in court costs "plus atty fees." Guyton first complains that there is insufficient evidence to support the amount of court costs assessed because the record does not contain any evidence, such as a bill of costs, to support the costs assessed. Since Guyton's brief was filed, the record has been supplemented with a line-item bill of costs certified by the district clerk. *See* TEX. CODE CRIM.

PROC. ANN. arts. 103.001-.003 (West 2006 & Supp. 2013). The obligation of a convicted person to pay court costs is established by statute. *Id.* art. 42.16 (West 2006); *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.). The certified bill of costs filed herein constitutes sufficient evidence to support the assessment of $374.00 in court costs against Guyton. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010) (there must be sufficient evidence to support imposition of costs); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex. App.— Houston [1st Dist.] 2013), *aff'd,* 423 S.W.3d 396 (Tex. Crim. App. 2014) (permitting supplementation of the record with a bill of costs and holding it sufficient to support costs assessed). Therefore this argument is without merit.

Guyton also challenges the imposition of attorney fees, asserting that he is indigent and there is no evidence of a material change in his financial circumstances to warrant the assessment of attorney's fees. A trial court has authority to assess attorney's fees against a criminal defendant who received court-appointed counsel in certain circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). The record is clear that Guyton received court-appointed counsel in the trial court. Therefore, he is presumed to have remained indigent unless a material change in his financial circumstances occurred. TEX. CODE CRIM. PROC. ANN. art. 26.04(c), (p) (West Supp. 2013). In its brief, the State concedes that no hearing was held to determine whether there was a change in Guyton's financial resources, there is no evidence in the record to show a material change in Guyton's financial condition, and the trial court made no finding that Guyton has sufficient financial resources to warrant the assessment of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g); *see also Mayer*, 309 S.W.3d at 556-57. We therefore modify the trial court's judgment to delete the assessment of attorney's fees. *Mayer*, 309 S.W.3d at 555-

56.  An amended bill of costs reflecting the deletion of attorney's fees as costs shall be prepared by the Bexar County District Clerk.  As modified, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

DO NOT PUBLISH