Cause No. <u>F-2010-1896-D WHC-1</u>

84,233-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

EX PARTE

§
§
§
§
§
§

BRANDON ISLAS

IN THE DISTRICT COURT

NOV 3 0 2015

362nd JUDICIAL DISTRICT

DENTON COUNTY, TEXAS

Abel Acosta, Clerk

### APPLICANT'S REPLY TO STATE'S ANSWER, OBJECTION TO PROPOSED FAIDINGS AND CONCLUSIONS, AND SUPPLEMENTAL MEMORANDUM OF LAW

This Reply is submitted pro se in response to the State's Answer (SHA) and proposed findings and conclusions, received by me from the prison mailroom on October 27, 2015. The State's Answer was postmarked on October 23, 2015, presented in the Certificate of Service.

My Motion for Appointment of Counsel was submitted, via placement in the prison mail system, on October 26, 2015, and file-stamped on October 29, 2015. That motion is made pursuant to TEX. CODE CRIM. PROC., art. 11.074 and is currently pending.

This Reply is dated and submitted, via the prison indigent mail system, on November 23, 2015.

### I. OBJECTION TO PROPOSED FINDINGS AND CONCLUSIONS

I generally object to the State's proposed findings and conclusions as being made without adequate fact-finding by the habeas court. Further, I specifically object to the failure to provide my former trial counsel and appellate counsel the opportunity to respond to my allegations of ineffective assistance. Any such failure should require a remand to the habeas court for further review. Ex parte Leos, (Crim. App. 2006) WL 786873 (Unrptd); Ex parte Tatro, (Crim. App. 2006)(WL 826 711)(remand required when counsel not afforded opportunity to respond to claim of ineffectiveness). I request that the necessary order be issued to require further adequate review of my habeas claims. I request that the former attorneys be ordered to submit affidavits, addressing my claims and that they provide me complete copies of all submissions made by them for this review.

## II. REPLY AND SUPPLEMENTAL MEMORANDUM

GROUND I JURISDICTION

Inexplicably, the State attempts to characterize this issue as a challenge to the indictment. SHA, p. 3. This mischaracterization is not credible. In no way do I attempt to assert or argue that the indictment was defective. Hab. App., p. 6; Appts. Mem., pp. 3-5. The State's argument of a defective indictment should not be considered due to it's irrelevance.

DEFECTIVE STIPULATION

The State asserts that the question of finality that I did raise in this claim can be disposed of by the stipulations I made on the advice of trial counsel. SHA, pp. 4-5. My claim is that the State presented a 1993 DWI conviction as a final conviction to satisfy the required jurisdictional element to allow a felony prosecution, but raised a question of finality due to the submission of an unsigned, undated judgment that is not proof of anything. St. Hab. Exh. (SHX I). The State asserts that any complaint, now about jurisdiction, is irrelevant due to my trial stipulations made on the deficient assistance of trial counsel. SHA, p. 5; SHX H (SX 40), item 3. Had my trial counsel properly advised me on this issue, I would not have made any stipulation regarding the finality of the convictions. But for his ineffective assistance, I would not have stipulated to the finality of the 1993 conviction. See Ground 3 herein.

Prior final convictions are essential jurisdictional elements of a felony DWI offense. Pen. Code §49.09(b); CCP art. 4.05; State v. Mewbourn, 993 S.W.2d 771, 772 (Tex. App. - Tyler 1999); Barfield v. State, 99 S.W.2d 23, 24 N.1 (Tex. App. - Houston [14th Dist.] 1999); Hollen v. State, 117 S.W.3d 798, 801 (Tex. Crim. App. 2003); Lundyen v. State, 436 S.W.3d 399, 401 (Tex. App. - Ft. Worth 2014); McGinnis v. State, 746 S.W.2d 479 (Tex. Crim. App. 1988). The State has the burden to prove the finality of the prior convictions alleged. Harrison v. State, 950 S.W.2d 419, 421 (Tex. App. - Houston [1st Dist.] 1997)(although two prior convictions are admitted to by defendant, burden remains on State to prove finality, citing

Spiers v. State, 552 S.W.2d 851, 852 (Tex. Crim. App. 1977). Affirmative evidence of non-finality is an exception to the validity of a stipulation of finality. Harrison, id at 422. The State may create a question as to finality by introduction of a defective document purporting to represent the finality of a prior conviction, yet actually defeats the prima facie case of finality. McGinnis, 746 S.W.2d at 482; Fletcher, 214 S.W.3d at 6-8 and N. 7. A defendant has no burden to raise the issue for later review. Fletcher, id at 8. A stipulation does not relieve the requirement of finality for a prior conviction to be used to satisfy a jurisdictional element. Robles v. State, 85 S.W.3d 211, 216 (Tex. Crim. App. 2000). It has never been held that a defendant can make legal, by agreement, something that is not authorized by law. Ex parte Sims, 868 S.W.2d 803, 804 (Tex. Crim. App. 1993).

A criminal sentence imposed by a court lacking jurisdiction would not be authorized by law and therefore illegal. Jurisdictional matters may not be waived and may be raised on direct appeal or by habeas challenge. Mewbourn, 993 S.W.2d at 773 ; Ex parte Rich, 194 S.W.3d 508, 511 and 513 (Tex. Crim. App. 2006). A claim of illegal sentence is cognizable on a habeas application even if an applicant has pled true to enhancement paragraphs. Ex parte Rich, id at 510 (Holdings).

In this case, the State made a prima facie case of jurisdiction by pleading two qualifying convictions in the indictment. SHA Exh. A. The State then destroyed that showing by introducing a certified copy of the unsigned, undated Judgment of Probation, which was affirmative evidence of non-finality of the 1993 DWI conviction. SHA Exh. I (STX 1). The only other evidence introduced by the State, as to the finality of that conviction, was the written stipulations my trial attorney advised me to sign. SHA Exh. H (StX 40) No other supporting evidence was introduced at trial regarding the prior convictions.

The State has offered the decision in Old Chief v. U.S., 519 U.S. 172 (1997) as one of several controlling precedents, however Old Chief is not binding

as to proof of finality of convictions pled to satisfy a jurisdictional element. Tamez, 11 S.W.3d at 200. At least one court of appeals has declined to apply Old Chief to Pen. Code §49.09(b). Id at 200.

Proof of a prior final conviction must be established for that conviction to be used to enhance or elevate an offense. Henry v. State, 331 S.W.3d 552, 555 (Tex. App. - Houston [14th Dist] 2011, no pet.). The burdenf of proof of finality is that of reasonable doubt. Id. A failure by the State to meet that burden bars the conviction from use to elevate the offense. Id. A stipulation to a prior conviction affirmatively links a defendant to a conviction but does not necessarily satisfy the burden of proof for finality. Robles, 85 S.W.3d at 216; Henry, 331 S.W.3d at 555; Flowers v. State, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007). A stipulation is a form of evidence that supports the conviction and precludes further presentation of evidence to a jury, however in this case, my stipulation is contradicted by the certified copy of a defective judgment filed contemporaneously with the 1993 court proceedings. The State's submission of that document creats reasonable doubt as to finality of the 1993 conviction, which is more probative than my stipulations made thirteen years later. Tamez, 11 S.W.3d at 202 (stipulations suffice when they carry the same evidentiary value as the judgments of prior convictions).

If the burden of proof as to finality of the 1993 DWI conviction has not been met, and because the record reflects that no additional qualifying convictions were pled as jurisdictional elements, and no other extrinsic evidence was submitted to support the finality of the 1993 conviction, then all that is left is the predicates to obtain a misdemeanor conviction pursuant to Pen. Code §49.09(a), over which the convicting court would have no jurisdiction, and for which the currently imposed sentence would be excessive as not authorized by law.

RELIEF

The appropraite relief would be to vacate this conviction, as I have served a prison term that exceeds any term allowed for a misdemeanor offense. Fletcher v. State, 214 S.W.3d at 9.

## II. ADMISSION OF BLOOD SAMPLE CONTRARY TO A NEW RULE OF LAW

During the pendancy of my appeal the U.S. Supreme Court established a new rule of criminal procedural law, rendering Trans. Code Sec. 724.012(b) unconstitutional as applied to the facts and circumstances of my conviction. App. pp. 8-9; App. Mem. pp. 6-10; Missouri v. McNeely, 133 S.Ct. 1552 (2013)(decision date 4/17/13) (collection of evidentiary blood speciment without a warrant violates Fourth Amendment absent exigent circumstances); State v. Fine, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Had the decision in McNeely been applied to my case, on appeal, my conviction would have been reversed. TEX. R. APP. PROC. (TRAP) 44.2(a); Smith v. State, _____ S.W.3d ____ 2014 Tex. App. LEXIS 12372 (11/13/14, pet. review grated 2/11/15).

FACTUAL HISTORY

The evidentiary blood speciment was collected without my consent and ·ii without a warrant, based solely on the repeat offender provision of Trans. Code Sec. 724.012(b)(3)(B), and occurred while I was in custody. RR7: p. 107 (placed under arrest), p. 108 and 122 (refused breath test and blood test); STX 35 (collection order form TPF 51)

The prosecutor elicited false testimony from a police officer, misleading the jury into believing the specimen collection was made pursuant to a warrant or authorization of a judge. RR7: pp. 108-109; STX 35.

The blood evidence was used extensively at trial and provided scientific proof of intoxication beyond a reasonable doubt. STX 39 (blood analysis report); RR7: pp. 138-159 (entire testimony of blood sample analysis); Smith, _____ S.W.3d ____ (p. 17 - report erases reasonable doubt by presenting scientific evidence of legally defined intoxication).

Trial counsel failed to correct the false testimony elicited by the

prosecutor described above.

ARGUMENT

The State argues that this claim is one of sufficiency of evidence, therefore it is not a habeas issue. SHA, p. 6-7. This is another mischaracterization of a claim in my application, and the only argument presented by the State. In fact, this issue raises a claim of a violation of the U.S. Const. Amend. IV; Tex. Const. art. 1, § 9; CCP art. 38.23(a); Smith v.State, 2014 Tex. App. LEXIS 12372, Mem. Op. p. 5 and N. 6. (collection of evidentiary blood sample implicates Fourth Amendment).

This issue was not decided on appeal and the issue of admissability based on the potential of police misconduct is not presented herein as a habeas claim.

The issue of ineffective assistance of appellate counsel is presented in Ground 4 herein as well as the original application and memorandum. Hab. App., pp. 8-9; App. Mem., 6-10.

RETROACTIVE APPLICATION OF McNEELY

The State claims that it was "unclear" whether or not McNeely could have been applied in the appeal court's consideration of my case. SHA, p. 15. I do not agree. see App. Mem., p. 6 ; Ground 4 herein, item 2.

McNeely was decided on April 17, 2013, duirng the pendancy of my appeal and the appeal in Smith v. State. Smith v. State, No. 13-11-694-CR, 2013 WL 5970400 (Tex. App. - Corpus Christi 10/13/13, no pet.)(Mem. Op. not pub'd), withdrawn and replaced by Smith v. State, 2014 Tex. App. LEXIS 12372, decided 11/13/14 (conviction reversed, case remanded). The reversal of the conviction in Smith was entirely the result of the application of the McNeely decision retroactively.

My appeal was filed in April, 2012, and the decision was rendered on May 14, 2014. During that time period McNeely was decided, and Smith was decided and then reconsidered, and the State's PDR granted on February 11, 2015.

Also, another appellate court decided that McNeely applies retroactively as noted in the State's habeas answer. SHA, p. 15; State v. Esher, 2015 Tex. App. LEXIS 7722 (Tex. App. - Dallas 7/27/15, no pet.)(Mem. Op. unpub'd).

As presented in Ground 4 herein and in my initial habeas submissions, I was entitled to the application of the McNeely decision to my conviction for consideration on appeal. At least two other appeal courts retroactively applied McNeely to cases on appeal. The State's assertion that it was "unclear" whether McNeely could be applied retroactively to cases on appeal is not supported by the greater weight of precedent and the conduct of other Texas appeal courts. See Smith, 2014 Tex. App. LEXIS 12372 (Op. p. 15)(relevant decisions of Texas appeal courts appling McNeely).

ANALYSIS OF McNEELY APPLICATION

Without a demonstration of exigent circumstances or express consent, a warrant was required to obtain the evidentiary blood sample used in my case. Smith, id at 16. Because the blood sample was obtained without a warrant or valid exception to obtaining a warrant, Trans. Code §724.012(b) was unconstitutionally applied and the blood evidence should be held to be inadmissable. Smith, id at 16.

Due to the extensive use of the blood evidence at trial previously described, as well as the scientific proof of intoxication that erases reasonable doubt, it cannot be said, beyond a reasonable doubt, that the blood evidence did not contribute to my conviction, which should result in a reversal of this conviction. Smith, id at 17; Hernandez v. State, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001); Tex. R. App. Proc. 44.2(a).

Just as in Smith, other circumstantial evidence of intoxication was presented by the State. SHA, p. 16; compare with Smith, p. 17. Just as in Smith, the test result, on the blood sample, exceeded the value the legislature set to define intoxication. SIX 39 - Report of Analysis. Just as in Smith, the blood sample analysis eliminated any reasonable doubt of intoxication based on the other

circumstantial evidence presented to the jury.  Finally, just as in Smith, this conviction should be reversed.

### III. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE

RIGHT TO COUNSEL

As the accused, I had the right to effective assistance of counsel. u.s. Const. Amend. VI; Tex. Const. art. 1, sec. 10; Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001, cert. den'd); U.S. v. Cronic, 104 S.Ct. 2039, 2044 and N. 10 (1984); Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995).

STANDARD OF REVIEW

A claim of ineffective assistance is reviewed by the two-prong Strickland test, demonstrating 1) deficient attorney conduct and, 2) that the conduct deprived the defendant of a fair trial and reliable result.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).  Although generally evaluated by a totality of the representation, a single error may be sufficient to demonstrate ineffective assistance, especially during the punishment phase of trial.  Thompson, 9 S.W.3d at 813; Cronic, 104 S.Ct. at 2046 N. 20.  The applicant's burden of proof is one of preponderance of the evidence.  Thompson, 9 S.W.3d at 813; Ex parte Niswanger, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011).

PRETRIAL OBJECTION TO ATTORNEY PERFORMANCE

My pretrial objection to the assistance of trial counsel is a matter of record. RR5: pp. 15-20.  At one point, the trial court terminated counsel's appointment but reinstated the appointment when new counsel was not immediately available.

DEFICIENT CONDUCT

Trial counsel rendered ineffective assistance by failing to develop a firm command of the law and facts of this case through adequate independant investigation resulting in an insufficient adversarial test of the State's

case. This resulted in counsel's inability to provide any opening statement and a rambling, incoherent, irrelevant closing statement; advice to stipulate to a critically flawed judgment to establish a jurisdictional element; a failure to object to law enforcement testimony that was obviously false; and a failure to challenge the finality of a prior conviction used to establish a felony intoxication offense.

The State incorrectly asserts that I am complaining of trial counsel's conduct relevant to challenging the admissibility of the blood at trial. St. Hab. Ans., pl 8, item 1. This was not stated in my habeas application. Hab. App., pp. 10-11. Because that was not part of my claim in Ground Three, I ask that the Court disregard the State's argument presented in it's Answer. (Item 1, pp. 8-9).

Likewise, the State has presented the same assertion in a different manner by characterizing the claim as "Tampering." see SHA, p. 13, item 8; compare with Application, pp. 10-11. No claim of ineffective assistance, related to "tampering", is expressed in Ground Three.

Because of the argument above, I specifically object to the State's proposed Conclusion of Law No. 3. No attempt to re-litigate the issue of admissability, based on "tampering" or other police misconduct has been made in my habeas application. These are bad faith "smoke and mirror" representations by the State and should be disregarded.

ITEM 2 - FAILURE TO MAKE OPENING STATEMENT

Following the prosecutor's opening statement, my trial counsel, Van-zura, declined to provide an opening statement for my defense. RR7: p. 16. The State has argued that this may have been a strategic decision that does not support an ineffective assistance claim. SHA, PP. 9-10. The several pre-cedents cited by the State addresses only a tactical decision to pass on opening at the start of trial. Vanzura, however, passed on delivering an opening

statement at the start of the defense case as well. RR7: pp. 168-69.

Although not making an opening statement alone may not be deficient conduct by itself, the complete lack of an opening statement may demonstrate a lack of effort to provide effective assistance. Stouffer v. Reynolds, 168 F.3d 1155, 1163 (10th Cir. 1999). The opportunity to marshall evidence and provide a blueprint of the upcoming defense case is a vital aspect of legal advocacy. Jones v. Jones, 988 F.Supp. 1000, 1003 (E.D. La. 1997); Herring v. New York, 422 U.S. 853, 862 (1975).

Once the State has closed it's case presentation, defense counsel is fully aware of the State's case removing any justifiable strategic reason to completely waive making an opening statement. Jones, 988 F.Supp. at 1003 N. 4. By depriving the jury of a roadmap of any defense theory, the jury had no context to form reasonable doubt of guilt, which harms me by allowing the jury to presume the lack of a viable defense. Stouffer v. Reynolds, 214 F.3d 1231, 1234-35 (10th Cir. 2000).

## ITEMS 3 & 4 - WITNESSES AND MEETINGS

The State incorrectly directs the Court to the appellate decision at Opinion pages *13-14 to demonstrate that any claims regarding witnesses and client meetings were resolved as issues. The State's assertion of disposition of those issues is not accurate as the appeal court made no reference to ineffective assistance in deciding appellate Issue Three. SHA Exh. C at *17-21; SHA, p. 10 and N. 9.

The record reflects that two pre-trial hearing were held, relevant to assistance of counsel. RR4 - Hearing on 2/7/12; RR5 - Hearing on 2/28/12. My lack of contact with Vanzura was presented to the trial court. RR4: p. 8. The lack of pre-trial investigation, regarding witnesses, was also presented to the trial court. RR4: p. 8. Neither the trial or appeal court made any findings regarding those issues related to the effective assistance of counsel

as claimed by the State.

ITEM 5 - INVESTIGATION

   To provide effective representation, an attorney is required to develop a firm command of the law and circumstances of the case through independant investigation to allow the development of viable defense theories, provide meaningful assistnace regarding a decision to accept a plea offer, effectively elicit testimony at trial, and generally subject the State's case to a meaningful adversarial test.  Childress v. Johnson, 103 F.3d 1221, 1227 (5th Cir. 1997); Haynes v. State, 790 S.W.2d 824, 827 (Tex. App. - Austin 1990); U.S. v. Drones, 218 F.3d 496, 500 (5th Cir. 2000); Ex parte Lilly, 656 S.W.2d 490, 493 (Tex. Crim. App. 1983); Feist v. Scott, 885 F.Supp. 927, 931 (E.D Tex. 1995); Ex parte Langley, 833 S.W.2d 141, 143-44 (Tex. Crim. App. 1992); Ex parte Chandler, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005).  Vanzura's failure to develop a firm command of the law and facts caused him to advise me to erroneously stipulate to a conviction for which finality was unproven; he failed to even challenge the finality of a prior conviction used to satisfy a jurisdictional element; he failed to recognize and correct the false testimony elicited by the prosecutor from a police officer; and he failed to present an opening statement laying out any viable defense, as well as providing a closing statement for the guilt phase of trial that essentially gave away the case to the State.  Further, his closing statement for the punishment phase was rambling, incoherent, irrelevant anecdotal presentation.

ERRONEOUS STIPULATION AND FAILURE TO CHALLENGE FINALITY

   In Ground One of the instant application, original memorandum, and herein, I have presented the issue of non-finality of a prior conviction used to satisfy an essential juridictional element.  Vanzura's failure to investigate that conviction and recognize the defects, and apply the law to assert a viable defense due to the defects was ineffective assistance.  Ex parte Chandler, 182 S.W.3d at 358 (ignorance of well defined laws and legal concepts); Long v. State, 764 S.W.2d

30, 31 (Tex. App. - San Antonio 1989)(a stipulation that destroys a viable defense is not strategy). A failure to investigate a prior conviction is deficient conduct if a potential defense is ignored. Moore v. Johnson, 185 F.3d 244, 265 (5th Cir. 1999), cert. denied 120 S.Ct. 522 (failure to investigate prior conviction is deficient due to potential defense); Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992)(unreasonable conduct for attorney not to advance defense recognized by courts and statutes); Blackburn v. Foltz, 828 F.2d 1177, 1181-82 (6th Cir. 1987)(an error of law is not reasonable strategy).

By failing to recognize the potential defense of non-finality that would result in a lack of jurisdiction, Vanzura's conduct was unreasonably deficient. His failure allowed a felony prosecution and conviction when a misdemeanor conviction and punishment may only have been possible. Pen. Code §49.09(a); Vasquez, 830 S.W.2d at 951 (harm is satisfied by conviction if other result probable but for attorney conduct). Although the challenged felony conviction satisfies the Strickland prejudice prong, the State argues that the stipulations entered on the defective advice of counsel bar any challenge to a lack of jurisdiction. SHA, p. 5; Ground 1 herein. If the State's argument is persuasive, then Vanzura's advice harmed me by preventing the later submission of a claim upon which relief could be based, although a showing of specific harm may not be necessary. Jones v. Lockhart, 851 F.2d 1115, 1117 (8th Cir. 1988)(erroneous stipulation presumes prejudice). But for his advice, I would not have stipulated to the 1993 DWI conviction.

Vanzura's defective advice to stipulate to flawed evidence required for jurisdiction, in combination with the resulting conviction, felony punishment, and any barrier to a later challenge on appeal of that evidence, should be sufficient as a single error to demonstrate ineffective assistance. Thompson, 9 S.W.3d at 813; U.S. v. Cronic, 104 S.Ct. 2039, 2046 N. 20 (1984).

Vanzura sat silently while the prosecutor elicited false police testimony regarding the authorization to collect the evidentiary blood used so extensively against me. At first a police officer testified that the TPF-51 order was

a warrant. RR7: p. 108, lines 16-25; SIX 35 - Mandatory Order. The characterization of a "warrant" was deceptively corrected to be a form bearing "... that judge's signature." RR7: p. 109, lines 2-3. The prosecutor and police officer knew, or should have known, that no judge's signature appeared on the form and that no space for a judge's signature is provided. Van Zura should have known that as well had he conducted a sufficient investigation of the evidence.

Vanzura's failure to object or challenge the police officer on cross examination allowed the jury to believe a judge authorized the collection of the blood, which more than likely allowed greater weight to be given to the evidence, as well as greater confidence in the veracity of the police officer's testimony as a whole. RR7: pp. 111-114 (Vanzura cross examination, silent as to document challenge). Vanzura did nothing instead of seizing a valid opportunity to create reasonable doubt in the case against me.

The deficient conduct and harm described above flow from an overall failure to investigate my case and develop a firm command of the relevant law and facts allowing adequate adversarial testing of the case against me.

ITEM 6 - STIPULATION

The State complains of a lack of specificity regardng the stipulation. That assertion is illogical. Only one stipulation of evidence was made. The defective evidence and my claim was adequately presented in Ground One of the original application and memorandum. I have made a further presentation of the claims herein. Based on the original submissions, the State was able to connect the dots to address the issue but elected to argue lack of detail. SHA, p. 12 and N. 10. The State's main argument should fail due to it's obligation to apply the doctrine of Liberal construction. Guidroz v. Lynaugh, 852 F.2d 832, 834 (5th Cir. 1989); Bledsoe v. Johnson, 188 F.3d 250, 255 (5th Cir. 1999).

ITEM 7 - CLOSING ARGUMENT

The theory asserted as a defense by Vanzura was that I was not the

driver of the vehicle.  At closing, Vanzura destroyed that theory due to his commentary on the State's evidence and admission that my conduct acknowledged guilt.

The judicious selection of closing arguments is a core exercise of attorney discretion.  Yarborough v. Gentry, 540 U.S. 1, 8 (2003).  A closing statement should clarify the issues to be resolved by a jury.  Id., at 6.  The argument should not contain statements that explicitly admit guilt.  U.S. v. Short, 181 F.3d 620, 624-25 (5th Cir. 1999).

During Vanzura's closing, he favorable commented on the State's evidence admitted as STX 37.  RR7: p. 205.  Referring to the police car dash-cam video, Vanzura stated, "That's real great evidence."  Id. Giving such favorable weight to that evidence by the defense does nothing to create reasonable doubt. Vanzura then stated, "Okay.  He took off because it's a third DWI."  RR7: p. 206. This essentially is an admission of guilt to the jury and was not based on any prior interpretation of evidence presented to the jury.  The statement effectively destroyed the defense theory of another driver.

Vanzura made other incorrect assertions to the jury regarding evidence presentation.  RR7: pp. 205-06 (STX 37 introduced through police officer testimony).  The dash-cam video was not introduced via police testimony, the video was published to the jury during the blood evidence testimony.  RR7 PP. 159-60.

During the closing, for the punishment phase, Vanzura attempted a rambling, disconnected, irrelevant, and incoherent plea for leniency that did nothing but create an impression of weakness and no viable defense.  Stouffer v. Reynolds, 168 F.3d 1155, 1162 (10th Cir. 1999); RR8 pp. 186-88.  He cited a work written by deToqueville in 1835, stating that criminals are generally unfortunate people, and then told a story about an off-duty police officer killed while walking along some railroad tracks and struck by a train.  Alcohol was not involved.

In a totality of representation review, the closing statements made

by Vanzura serve to demonstrate a lack of effort to truly subject the State's case to any adversarial testing.  This complaint is not based merely on a difference in wording, but rather on the substance.  Carter v. Johnson, 110 F.3d 1098, 1113 (5th Cir. 1997, cert. granted, remanded), on remand 131 F.3d 452 (5th Cir. 1997).

ITEM 8 - TAMPERING

The State has once again incorrectly stated that I am challenging blood evidence admissability based on tampering and including that challenge as part of the ineffective assistance claim.  SHA, p. 13.  In support, the State directs the Court to the original Memorandum at page 9.  That reference in no way implicates an ineffective assistance claim and is contained as part of my original argument for Ground Two.  That is facially obvious and does not support the State's disengenuine, bad faith representation related to my ineffective assistance claim.  This aspect of the State's defense to Ground Three should be disregarded.

CONCLUSION

Vanzura's trial representation fell below the reasonableness presumed for attorney performance.  As demonstrated above, harm resulted or may be presumed to have occurred.  I once again request that Vanzura be ordered to adress this allegation and that I be provided copies of any affidavit or other submissions at the time they are provided to the Court.

This conviction should be vacated due to the ineffective assistance of trial counsel.

### IV. APPEAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE

Appellate counsel failed to identify and submit meritorious issues to the Court, or advise me of the existence of any such issues for my consideration or presentation later.

I have previously requested that counsel be ordered to submit an affidavit to address this issue. The State did not propose any findings or conclusions regarding the effectiveness of appellate counsel's representation. (see St. Mem. and Proposed Findings, Conclusions, Findings Nos. 15, 16 and Conclusion No. 4), Hab. App., Ground 4.

## STANDARD OF REVIEW

The denial of a meaningful appeal due to the ineffective assistance of counsel is a cognizable habeas claim. Clivo v. State, 918 S.W.2d 519, 522 N. 8 (Tex. Crim. App. 1996). The two-prong Strickland test applies to this claim. U.S. v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000); Reis v. Quarterman, 522 F.3d 517, 531 (5th Cir. 2008, cert. den'd). The applicable standard of reasonableness requires that while not every non-frivolous ground be raised, meritorious grounds solidly based on law and precedent should be presented. Phillips, 210 F.3d at 348; Reis, 522 F.3d at 532; Amador v. Quarterman, 458 F.3d 397, 410 (5th Cir. 2006, cert. den'd); Robbins v. Smith, 528 U.S. 259, 285 (2000).

The State incorrectly asserts that I must demonstrate that but for counsel's failure, I would have prevailed on appeal. SHA, p. 14. Prejudice is demonstrated by showing that, but for counsel's failure, the probability of a different result exists. Smith v. Robbins, 528 U.S. at 285; Phillips, 210 F.3d at 348; Amador, 458 F.3d at 411.

## RIGHT TO COUNSEL

I had the right to effective assistance of counsel for appeal. Lombard v. Lynaugh, 868 F.2d 1475, 1479, 1485 (5th Cir. 1989); Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995).

## ARGUMENT

## ITEM 1 - FAILURE TO RAISE LACK OF FINALITY OF PRIOR CONVICTION

The 1993 conviction pled in indictment elevation paragraph one was necessary element of the offense alleged as a felony. see Applicant's mem. of Law, Ground 1;

Pen. Code 49.09(b)(2); State v. Mewbourn, 993 S.W.2d 771, 772 (Tex. App. - Tyler 1999); Barfield v. State, 999 S.W.2d 23, 24 (Tex. App. - Houston [14th Dist.] 1999). Without proof of the finality of that conviction, the trial court was deprived of jurisdiction of the case. Code Crim. Proc. art. 4.05; Mewbourn, 993 S.W.2d at 772; Barfield, 999 S.W.2d at 24 N. 1. On appeal, the failure to prove two prior convictions requires acquittal or a modification of the judgment and a new punishment trial. Barfield, 999 S.W.2d at 26; Reyes v. State, 394 S.W.3d 809, 812 (Tex. App. - Amarillo 2013); Lundgren v. State, 436 S.W.3d 399, 400 (Tex. App. - Ft. Worth 2014; Mosqueda v. State, 936 S.W.2d 714, 777 (Tex. App. - Ft. Worth 1996).

A lack of jurisdiction by the convicting court would render any punishment imposed illegal as not being authorized by law. Ex parte Pena, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002)("illegal" defined as not authorized by law); Mizell v. State, 119 S.W.3d 804, 806 N. 7 (Tex. Crim. App. 2003). Relief from an illegal sentence may be obtained by direct appeal or collateral attack. Mizell, 119 S.W.3d at 806; Pena, 71 S.W.3d at 339 and N. 1. Jurisdictional claims are not waivable and a district court's jurisdiction in the instant case is only had when the felony predicates are satisfied. Miller v. State, 909 S.W.2d 586, 592 (Tex. App. - Austin 1995)(jurisdictional matters not waivable); Code Crim. Proc. art. 4.05; Mewbourn, 993 S.W.2d at 772.

Appeal counsel failed to recognize the defective judgment the State claims proves finality of a conviction required as a jurisdictional element. The failure of counsel to present the issue was conduct that was not reasonable. The issue is arguable in statute and precedent and would require a different result from the appeal court. Fletcher v. State, 214 S.W.3d 5 (Tex. Crim. App. 2007)(at 8 - no harmless error analysis required; at 9 - proper remedy is reversal and remand); Smith v. Robbins, 528 U.S. at 285. Counsel failed to adequately develop a command of the law and precedent to properly apply that knowledge to the circumstances supporting this issue and make an informed decision on its merits. U.S. v. Phillips, 210 F.3d at 348 (reasonableness standard); Ex parte Ybarra, 629 S.W.2d 943, 946 (Tex.

Crim. App. 1982)(effective assistance requires firm command of facts and law, thorough investigation is foundation of effective assistance); Ex parte Chandler, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005)(ignorance of well-defined statutes, general laws, or legal propositions not excusable).

Counsel's failure i has prejudiced me by failing to present a jurisdictional error upon which relief would be required if proven true. The felony sentence imposed is illegal if the jurisdictional error only allowed for a misdemeanor sentence at the time of trial.

ITEM 2 - FAILURE TO CHALLENGE ADMISSABILITY OF BLOOD SAMPLE EVIDENCE BASED

ON McNEELY

The U.S. Supreme Court rendered it's decision in McNeely on April 17, 2013, during the pendancy of my appeal, which concluded on September 29, 2014, over one year later. Although the length of the appeal review period was directly due to further proceedings regarding admissability of the blood sample evidence due to police misconduct, counsel failed to also challenge admissability based on the illegal seizure of the evidence. see Applicant's Mem. of Law, Ground 2. This failure was unreasonable due to the extensive use of the blood evidence at trial. SIX - 39; RR7 pp. 138-159. Further, the collection of the blood sample was deceptively mischaracterized during testimony elicited by the State from a police officer. Applicant's Mem. of Law, p. 7; RR7: pp. 107-109. It cannot be said beyond a reasonable doubt that the use of the blood evidence did not significantly contribute to the jury verdict. Had my trial counsel raised the constitutional claim allowed by McNeely, it is more than probable that a new trial would be required.

The State claims that it is "unclear" whether or not McNeely could have been applied retroactively, citing only one case from a different state to support this lack of clarity. see SFA, p. 15. The greater weight of precedent relevant to a Texas conviction clearly establishes that I was entitled to the application of McNeely to the appellate review of my conviction. Danforth

v. Minnesota, 552 U.S. 264 128 S.Ct. 1029, 1032 (200*); Wharton v. Bocking, 549 U.S. 406 127 S.Ct. 1173, 1180 (2007); State v. Esher, No. 05-14-00694-CR, 2015 Tex. App. LEXIS 7722 (Tex. App. - Dallas 7/27/15, no pet.); Allen v. Reed, 427 F.3d 767 (10th Cir. 2005)(at 770 citing Griffith v. Kentucky, 479 U.S. 314, 322 (1987), and Teague v. Lane, 489 U.S. 288, 310 (1989). The State's assertion has little merit.  Had my appeal counsel successfully presented the clearly meritorious claim pursuant to McNeely, a different result for the appeal proceedings would have resulted.  Instead, counsel failed to adequately challenge the admissability of the blood evidence and deprived me of the review of the constitutionality of the blood evidence used against me at trial, contrary to my right to due process and a fair trial.

Although McNeely was decided during my appeal, it should be noted that a Texas appeals court decided in 2011 that the Transportation Code does not authorize what the U.S. Constitution forbids.  State v. Mosely, 348 S.W.3d 435, 442 (Tex. App. - Austin 2011, pet. ref'd).

CONCLUSION

The successful presentation of either issue described above would have resulted in a different appeal outcome.  Either issue outweighed appeal grounds one and two selected by counsel.

I request that counsel be ordered to address this habeas issue by affidavit, with a copy provided to me when it is submitted to the Court.  I object to the State's Proposed Findings and Conclusions as contrary to the record and because the appeal attorney has not been afforded an opportunity to address this claim.

### III. CONCLUSION

This conviction is based on a trial and appeal conducted in a manner that does not allow for a presumption of reliability in the result.  The conviction should be vacated.  I pray that the Court consider my objections to the proposed findings and conclusions, order the attornies to address

the claims of ineffective assistance, reject the State's original proposed findings and conclusions, and provide all relief allowed by law or previously requested.

## IV. ADDITIONAL OBJECTION

On November 20, 2015, I received a copy of the ORDER dated October 29, 2015, adopting the State's proposed findings and conclusions. The envelope was postmarked November 16, 2015. I object to this untimely notification of the ORDER, for which there is no good cause.

I continue my previous objection raised herein and request that this case be remanded for further consideration.

_____
BRANDON ISLAS
Applicant Pro se
TDCJ-ID# 1810457
Thomas J. Goree Unit
7405 Hwy. 75 South
Huntsville, Texas 77320-3405