**Order filed August 3, 2021**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-20-00772-CR

————————

## EX PARTE DONTE JAVARY JONES

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1691811**

## ORDER

The record currently before this court does not establish our jurisdiction over this appeal. This attempted appeal is from the denial of an application for writ of habeas corpus. There is no application for writ of habeas corpus in our record. Because there are two trial court cause numbers in our record, the trial court cause number for the application underlying this appeal cannot be determined for this court to order a supplemental record.

1

The writ of habeas corpus in the record states it is for trial court cause number 169811 and reflects bail was set at $50,000 on the charge of aggravated robbery with a deadly weapon. The only appealable order in the record was filed in trial court cause number 169811 but the order states "probable cause established" and "bail reduced to $40,000.00 in cause # 1694054."

The reporter's record states it is from a hearing in trial court cause number 1691811. That hearing took place on October 27, 2020, and the record reflects the nature of the case at issue was aggravated robbery. However, the trial court states on the record that "the case that's before the Court is Case Number 1690454. So that is the case that the Court will be ruling on regarding both probable cause and the request for reasonable bail." On the record, the trial court found probable cause had been established and "set bail for this case at $40,000." The notice of appeal states it is from the denial of relief sought in a hearing held October 27, 2020.

However, on the notice of appeal and the request for findings of fact and conclusions of law the number 1690454 is replaced by 1691811. There is an affidavit from the deputy clerk stating the notice of appeal should have been filed in cause number 1691811.

The briefs filed by appellant and the State indicate there are three other counts, none of which have been appealed to this court, but they do not address or clarify the situation, which is:

- The writ of habeas corpus is filed in 1691811;

- The appealable order states bond was set at $40,000 in 1690454;

- The trial court set bond in 1690454 at the hearing;

- The notice of appeal was erroneously filed in 1690454 and "re-filed" in 1691811; and

- The record contains no order setting bond in 1691811.

Defects in notices of appeal should not be described as affecting jurisdiction, *see Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007); *Henry v. State*, 331 S.W.3d 552, 554 n. 1 (Tex. App.—Houston [14th Dist.] 2011, no pet.), but from the state of the record before us it cannot be determined this is such a case. Rather, the record indicates we lack jurisdiction over this appeal because we have no timely notice of appeal from the order setting bond at $40,000 in 1690454.

The court will consider dismissal of the appeal on its own motion for want of jurisdiction unless appellant files a response on or before **August 24, 2021,** showing meritorious grounds for continuing the appeal. The State's reply will be due twenty-one days after appellant's response, if any, is filed.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Zimmerer and Hassan.